NOT FOR PUBLICATION                                                                                        CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS TAFUTO III, | Civil Action No.: 10-4521 (PGS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| NEW JERSEY INSTITUTE OF TECHNOLOGY, et al., | |
| Defendants. | |

This matter comes before this Court on Defendants New Jersey Institute of Technology, et. al.'s ("Defendants") motion to dismiss ("Defendants' Motion to Dismiss"). On or about May 6, 2011, Plaintiff Louis Tafuto III ("Plaintiff") filed an amended complaint ("Plaintiff's Amended Complaint"). Plaintiff alleges three causes of action in Plaintiff's Amended Complaint: (1) sexual discrimination in violation of Title IX of the Education Amendments of 1972 ("Title IX"); (2) sexual harassment in violation of Title IX; and (3) a violation of the Equal Protection Clause of the Fourteenth Amendment. On or about June 13, 2011, Defendants filed Defendants' Motion to Dismiss. For the reasons set forth below, this Court grants Defendants' Motion to Dismiss.

## I

The Court writes for the parties' benefit and therefore offers only a brief recitation of the facts critical to Defendants' Motion to Dismiss. In the fall of 2009, Plaintiff, a New York resident, was a student at the New Jersey Institute of Technology ("NJIT") School of Architecture. NJIT, a

public university in New Jersey, is a recipient of federal financial assistance. At the time of the incidents relevant to Defendants' Motion to Dismiss, Plaintiff was a 21 year-old male whose gender expression allegedly did not conform to male stereotypes.

Plaintiff contends that during the fall of 2009, Plaintiff's architectural design and drawing classmates subjected Plaintiff to sexual harassment on a regular basis. For example, Plaintiff alleges that these classmates wrote derogatory slurs in Plaintiff's notebook and made an offensive sign that referenced Plaintiff. Moreover, Plaintiff alleges that "[t]he NJIT Professors for the Architectural and Design Classes were present and aware of the misconduct of the students."

On November 10, 2009, Plaintiff was discussing the sexually hostile and dangerous behavior of his classmates with another classmate when he remarked that he wanted to "kill" some of the harassing classmates. Another classmate, who was not a participant in the conversation, reported the comment via e-mail to a professor. The professor forwarded the e-mail to the Dean of Students.

On November 11, 2009, Plaintiff was removed from class and taken to NJIT police headquarters. Plaintiff was subsequently questioned by a NJIT psychologist and the Dean of Students. Plaintiff told the Dean of Students about the allegedly "abusive, sexually explicit, aggressive and destructive behavior" to which Plaintiff was subjected.

On November 12, 2009, the Dean of Students informed Plaintiff that he was obligated to undertake a psychological risk assessment before Plaintiff would be allowed traditional access to campus. Plaintiff has refused to undergo this psychological risk assessment. As such, Plaintiff contends that he has been denied opportunities to participate in class, exam review sessions, architectural critiques, standard final exam environments, and other class activities and, as a result, Plaintiff's grades have suffered.

## II

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all allegations in the pleading and all reasonable inferences that can be drawn therefrom, and must view such allegations and inferences in the light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). A cause of action should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See Iqbal*, 129 S. Ct. at 1950.

While a court will accept well-plead allegations as true for the purposes of the motion to dismiss for failure to state a claim, a court will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Iqbal*, 129 S. Ct. at 1949; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). On the contrary, "[t]he pleader is required to 'set forth sufficient information to outline the elements of [its] claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). A party must set forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## III

Defendants move to dismiss all three causes of action that Plaintiff sets forth in Plaintiff's Amended Complaint.

Plaintiff's Sexual Discrimination Cause of Action Is Dismissed.

Plaintiff alleges that Defendants discriminated against Plaintiff on the basis of Plaintiff's gender in violation of Title IX. Title IX provides in pertinent part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). "To establish a claim under Title IX, a plaintiff must show that (1) she was excluded from participation in, denied the benefits of, or subjected to discrimination in an educational program; (2) that the program receives federal financial assistance; and (3) that her exclusion was on the basis of her gender." *Tingley-Kelley v. Trs. of Univ. of Pa.*, 677 F. Supp. 2d 764, 775 (E.D. Pa. 2010).

Plaintiff's first claim of sexual discrimination under Title IX revolves around Defendants' alleged selective enforcement of school policies against Plaintiff. In particular, Plaintiff alleges that Defendants violated Title IX by reacting swiftly to a female student's report of Plaintiff's threatening comment, while allegedly "neglect[ing] and never investigat[ing]" Plaintiff's allegations of sexual harassment.

"To support a claim of selective enforcement, [a male plaintiff] must demonstrate that a female was in circumstances sufficiently similar to his own and was treated more favorably by the [educational institution]." *Mallory v. Ohio Univ.*, 76 Fed. Appx. 634, 641 (6th Cir. 2003) (citations omitted). As such, a male plaintiff must allege that "the [educational institution's] actions against [the male plaintiff] were motivated by his gender and that a similarly situated woman would not have been subjected to the same disciplinary proceedings." *Doe v. Univ. of the S.*, 687 F. Supp. 2d 744, 757 (E.D. Tenn. 2009). "[W]holly conclusory allegations [of selective enforcement] [do not] suffice

4

for purposes of Rule 12(b)(6)." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994) (citation omitted).

Plaintiff's selective enforcement claim is fatally flawed. In particular, Plaintiff proffers nothing more than the legal conclusion that "[Defendants] discriminatorily dismissed evidence of a physically dangerous and sexual hostile environment because the individual[] complaining of the behavior was a male and the behavior complained [of] was perceived by [Defendants] as stereotypical male behavior." Moreover, Plaintiff fails to convey how Plaintiff was in "sufficiently similar" circumstances to the female student who reported Plaintiff's threatening comment. *See Mallory*, 76 Fed. Appx. at 641. This Court agrees with Defendants' analysis of this critical flaw in Plaintiff's claim:

> First, the substance of the female student's complaint to NJIT was not for sexual harassment, like Plaintiff's, but rather to report Plaintiff's alarming threats against the lives of his fellow students, which included the female student herself. Second, and perhaps more significantly, unlike Plaintiff, the female student was not already under investigation by NJIT or subject to NJIT's Emergency Withdrawal Policy when she reported her concerns to NJIT.

As a result, Plaintiff's Title IX selective enforcement claim is dismissed.

Plaintiff's second claim of sexual discrimination under Title IX focuses on Defendants' alleged failure to investigate Plaintiff's sexual harassment complaints. In order to pursue this claim, Plaintiff must show that Defendants' alleged failure to investigate Plaintiff's sexual harassment complaints was motivated by Plaintiff's gender. *See Tingley-Kelley*, 677 F. Supp. 2d at 775 (citations omitted). Plaintiff fails to offer adequate support for this claim. Plaintiff's minimal effort – an attempt to provide "threadbare recitals of [the] cause of action's elements, supported by mere

conclusory statements" – convinces this Court to dismiss Plaintiff's Title IX failure to investigate claim. *See Iqbal*, 129 S. Ct. at 1949 (citation omitted).

### Plaintiff's Sexual Harassment Cause of Action Is Dismissed.

Plaintiff's sexual harassment cause of action under Title IX revolves around allegations of student-on-student harassment. In particular, Plaintiff contends that Defendants are liable for failing to "formally respond to cruel, pervasive, harassing unwelcome conduct of a sexual nature in an NJIT classroom based on gender non-conformity against the Plaintiff."

A plaintiff sets forth a viable Title IX sexual harassment cause of action under a student-on-student harassment theory only where a plaintiff alleges that "funding recipients . . . are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). Plaintiff fails to plead viable facts supporting such a cause of action.

First, Plaintiff does not present evidence demonstrating that Defendants had "actual knowledge" of the alleged student-on-student sexual harassment. This cause of action is viable only if a plaintiff can demonstrate that an appropriate official "*has actual knowledge* of discrimination in the recipient's programs and fails adequately to respond." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998) (emphasis added). Such "actual knowledge" cannot be based on a mere "possibility." *Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 361 (3d Cir. 2005) (citation omitted). Moreover, "constructive notice" does not trigger "actual knowledge." *Gebser*, 524 U.S. at 285 (citations omitted).

Plaintiff maintains that "[t]he NJIT Professors for the Architectural and Design Classes were present and aware of the misconduct of the students." Despite this conclusion, Plaintiff nowhere conveys facts showing the NJIT professors' actual awareness of the alleged gender-motivated conduct.[1] In particular, Plaintiff never states that the NJIT professors knew that certain NJIT students had stolen Plaintiff's sketch book and written demeaning sexually-charged notes in it. Moreover, Plaintiff never contends that the NJIT professors noticed the inappropriate cardboard cut-out that was allegedly glued to Plaintiff's workstation or the inappropriate sign that was allegedly placed in the window facing the street. Lastly, Plaintiff's allegations that harassing students placed inappropriate material on Facebook does not signify that the NJIT professors knew of – or even had access to – this material. Plaintiff's contention that "as far as he could tell[,] the staff was aware of [the students'] behavior" does not convince this Court that Defendants or any NJIT professors had "actual knowledge" of the alleged harassment to which Plaintiff was subjected.

Because Plaintiff fails to plead that an appropriate person had "actual knowledge" of the alleged harassment to which Plaintiff was subjected, this Court does not need to evaluate the other elements of Plaintiff's Title IX student-on-student sexual harassment claim. As such, Plaintiff's second cause of action is dismissed.

---

[1] It is worth reiterating that a Title IX claim arises only where the alleged wrongful behavior is "gender-oriented." *See Davis*, 526 U.S. at 651. The alleged gender-motivated conduct is listed in Plaintiff's Amended Complaint in paragraph 18, subsection (a) through subsection (e). The other alleged actions – that Plaintiff's classmates stole and destroyed Plaintiff's coursework – do not strike this Court as gender-motivated conduct.

Plaintiff's Equal Protection Cause of Action Is Dismissed.

Plaintiff's third cause of action revolves around Plaintiff's claim that Defendants "denied the Plaintiff (based on his gender) equal protection of the law." "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). A plaintiff "must demonstrate that [the plaintiff] received different treatment from that received by other individuals *similarly situated*." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citation omitted). "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Philadelphia, Pa.*, 533 F.3d 183, 203 (3d Cir. 2008) (*quoting Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

According to Plaintiff, the crux of Plaintiff's Equal Protection cause of action is that "NJIT did not evenly apply their Code of Conduct and Disciplinary Policies (including but not limited to those regarding Sexual Harassment) to male student and female student accusers." This sentence alone reveals why Plaintiff's Equal Protection cause of action is fatally flawed. Nowhere in Plaintiff's Amended Complaint does Plaintiff proffer any allegations that the female student that reported Plaintiff's threat was "similarly situated" to Plaintiff. This Court agrees with Defendants' rationale: "[The] female student cannot be similarly situated as a matter of law, perhaps most obviously because unlike Plaintiff, the female student did not threaten the lives of her classmates before she reported her 'complaint' to NJIT administrators."

8

Plaintiff's Equal Protection cause of action is therefore flawed, and this Court does not need to address whether Plaintiff adequately pleads the other elements of an Equal Protection cause of action. Plaintiff's Equal Protection cause of action is dismissed.

## IV

When a defendant's motion to dismiss is granted, the court should "freely" provide the plaintiff with leave to amend its dismissed causes of action "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The Third Circuit has stressed that "[l]iberality is the keystone of [amending federal complaints] . . . [and] [u]nder [this] liberal pleading philosophy . . ., an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay." *Prof'l Cleaning and Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 Fed. Appx. 161, 165 (3d Cir. 2007) (internal quotation marks and citation omitted). A court may deny leave to amend a pleading, however, where any such amendment would prove futile. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted).

Although Plaintiff has already amended Plaintiff's initial complaint once, "justice . . . requires" that Plaintiff be afforded one final opportunity to cure all deficiencies in Plaintiff's second cause of action: Plaintiff's Title IX sexual harassment cause of action involving allegations of student-on-student harassment. *See* Fed. R. Civ. P. 15(a)(2). This Court therefore provides Plaintiff with a final chance to "set forth sufficient information to outline the elements of [Plaintiff's second

cause of action] or to permit inferences to be drawn that these elements exist." *Kost*, 1 F.3d at 183 (citation omitted).[2]

Despite same, Plaintiff's first cause of action and third cause of action are not feasible. For the reasons set forth above, Plaintiff's sexual discrimination cause of action (under both the selective enforcement theory and the failure to investigate theory) and Plaintiff's Equal Protection cause of action are fatally flawed. Because Plaintiff cannot change the critical facts of the case, it is futile to permit Plaintiff another opportunity to amend Plaintiff's first cause of action and third cause of action. *See Lorenz*, 1 F.3d at 1414 (citation omitted). As a result, Plaintiff's first cause of action and third cause of action are dismissed with prejudice.

---

[2] Plaintiff alleges the second cause of action against the individual named defendants in their official capacity. It is worth specifically stating that Plaintiff may re-plead this second cause of action against the individual named defendants in their official capacity. This Court acknowledges that "Title IX does not provide a cause of action against individual state actors." *Graham v. Huevel*, 2011 WL 1256607, at *9 (D.N.J. Mar. 28, 2011) (citation omitted). Defendants contend that the same bar against liability protects individual defendants named in their *official capacity*. Defendants' minimal legal support for this proposition – a citation to an out-of-district decision – does not convince this Court. *See Nelson v. Temple Univ.*, 920 F. Supp. 633 (E.D. Pa. 1996). In fact, this Court has reviewed another out-of-district opinion that held that "[nothing] prevent[s] plaintiffs from bringing Title IX claims against individuals in their official capacity in addition to the entity itself." *Hurd v. Del. State Univ.*, 2008 WL 4369983, at *3 (D. Del. Sept. 25, 2008). Defendants may raise this argument again – and cite additional authority – if Defendants choose to file a motion to dismiss Plaintiff's amended second cause of action.

In addition to permitting amendment of the second cause of action, this Court affords Plaintiff one final opportunity to set forth any other viable cause of action.

# V

This Court has reviewed all submissions. For the reasons set forth in the above Memorandum,

IT IS on this 25th day of July 2011,

ORDERED that Defendants' Motion to Dismiss (Docket Entry 24) is granted;

ORDERED that Plaintiff's first cause of action and third cause of action are dismissed with prejudice;

ORDERED that Plaintiff's second cause of action is dismissed without prejudice; and

ORDERED that Plaintiff is afforded 20 days leave to amend Plaintiff's second cause of action and to set forth any other viable cause of action.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.
